IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Case No.:

BILL NELSON FOR U.S. SENATE,

    Plaintiff,

v.

KEN DETZNER, in his official capacity
as Florida Secretary of State, and the
PALM BEACH COUNTY
CANVASSING BOARD, and SUSAN
M. BUCHER, in her official capacity as
Palm Beach County Supervisor of
Elections,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, the Florida Secretary of State Detzner, pursuant to 28 U.S.C. §§ 1441-1446 and Northern District of Florida Local Rule 7.2, hereby gives notice of removal of this action from the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, to this Court.  As grounds for removal, the Secretary states as follows:

1.    This action was commenced in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, as Case No. 2018 CA 002445, by the filing of a Complaint against the Secretary.  A copy of the Complaint is

attached as Exhibit A.

2.     The Complaint brings a claim for violation of the Fourteenth Amendment to the U.S. Constitution. *See* Exhibit A at ¶¶ 21-25.

3.     As a result of this claim, this is a case arising under the laws of the United States over which this Court has original jurisdiction, and which is removable without regard to the citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1441. The remaining claims are within the Court's supplemental jurisdiction. Regardless, the entire action may be removed.    28 U.S.C. § 1441(c)(1).

4.     The Northern District of Florida, Tallahassee Division, embraces the place where the state court action is pending. *See* 28 U.S.C. § 1441(a); N.D. Fla. Loc. R. 3.1(A)(3).

5.     The Secretary is simultaneously filing a Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the Clerk of the Court for the Circuit Court in and for Leon County, Florida, and giving written notice to all other parties.

6.     Pursuant to 28 U.S.C. § 1446 and Northern District of Florida Local Rule 7.2, true and legible copies of all process, pleadings, motions, and orders served upon the Secretary, or otherwise on file in the state court, are attached as composite Exhibit B.

Respectfully submitted by:

BRADLEY R. MCVAY (FBN 79034)
  *Interim General Counsel*
  brad.mcvay@dos.myflorida.com
ASHLEY E. DAVIS (FBN 48032)
  *Deputy General Counsel*
  ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
(850) 245-6536 / (850) 245-6127 (fax)

*/s/ Gary V. Perko*
MOHAMMAD O. JAZIL (FBN 72556)
  mjazil@hgslaw.com
GARY V. PERKO (FBN 855898)
  gperko@hgslaw.com
MALCOLM N. MEANS  (FBN 0127586)
  mmeans@hgslaw.com
HOPPING GREEN & SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
(850) 222-7500 / (850) 224-8551 (fax)

Dated:  November 16, 2018          ***Counsel for the Secretary of State***

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through the Court's CM/ECF system to all counsel of record this 16th day of November, 2018:

*/s/ Gary V. Perko*
Attorney



IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

BILL NELSON FOR U.S. SENATE,          CASE NO.          2018 CA 002445

        Plaintiff,

v.

KEN DETZNER, in his official capacity as
Florida Secretary of State, and the PALM
BEACH COUNTY CANVASSING
BOARD, and SUSAN M. BUCHER, in her
official capacity as Palm Beach County
Supervisor of Elections,

        Defendants.

_____

**COMPLAINT FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff, Bill Nelson for U.S. Senate ("Plaintiff"), through undersigned counsel, brings

this suit against Ken Detzner ("Detzner"), in his official capacity as Florida Secretary of State;

the Palm Beach County Canvassing Board ("Board"); and Susan M. Bucher ("Bucher"), in her

official capacity as Palm Beach County Supervisor of Elections (collectively, "Defendants"), and

alleges:

**<u>JURISDICTION AND VENUE</u>**

1.     This is a lawsuit for declaratory and injunctive relief under Fla. Stat. §§ 86.011

and 26.012(2)(c), over which this Court has jurisdiction.  This lawsuit seeks declaratory and

injunctive relief for violations of the United States Constitution and Florida statutory law.

2.     Venue is proper in Leon County, Florida, under Fla. Stat. § 47.011 because the

Secretary of State is a party to this action and the Florida Department of State maintains its

principal place of business in Leon County, and because all or part of the claims for relief at issue in this litigation arose in Leon County.

**PARTIES**

3.      Plaintiff, Bill Nelson for U.S. Senate, is a duly organized political campaign in support of Bill Nelson's election to the United States Senate, representing the State of Florida. Plaintiff's interests in enforcing Florida's election laws, and ensuring a fair election, are adversely affected by the conduct complained of below.

4.      Defendant Ken Detzner is sued in his official capacity as Secretary of State of the State of Florida.  Pursuant to Fla. Stat. § 97.012, the Secretary of State is the chief elections officer of the State and is therefore responsible for the administration of state laws affecting voting, including with respect to the general election held on November 6, 2018.  As Secretary of State, Defendant Detzner's duties consist, among other things, of "[o]btain[ing] and maintain[ing] uniformity in the interpretation and implementation of the election laws."  *Id*. at § 97.012(1).  The Secretary of State is also tasked with ensuring that county supervisors of elections perform their statutory duties, *see id*. at 97.012(14), is responsible for providing technical assistance to county supervisors of elections on voting systems, *see id*. at 97.012(5), and is responsible for "[p]roviding written direction and opinions to the supervisors of elections on the performance of their official duties with respect to the Florida Election Code or rules adopted by the Department of State."  *Id*. at 97.012(16).

5.      Defendant Palm Beach County Canvassing Board was convened pursuant to Fla. Stat. § 102.141.  Under Florida law, it oversees the canvassing of ballots from the November 6, 2018 general election conducted in Palm Beach County, Florida, and the conduct of any recounts ordered by the Secretary of State.

6.      Defendant Susan M. Bucher is the elected Supervisor of Elections in Palm Beach County, Florida, pursuant to Fla. Stat. § 98.015.  She has the duty to conduct the national, state and local elections for Palm Beach County, including the general election held on November 6, 2018.  Under Florida law, Defendant Bucher is responsible for administering voting within Palm Beach County.  *See, e.g.,* Fla. Stat. §§ 100.031, 100.032.

## STATEMENT OF FACTS AND LAW

7.      The candidates for U.S. Senator from Florida are currently separated by a mere .15% of more than 8 million votes cast in the November 6, 2018 election.  As a result, the Secretary of State has declared a machine recount of the U.S. Senate race pursuant to Fla. Stat. § 102.141(7).  The machine recount is currently underway (or has been completed) in all 67 Florida counties, save one: Palm Beach County.

### *Palm Beach County Abandons its Machine Recount*

8.      Palm Beach County has experienced repeated problems with its machine recount. Machines used to recount votes have persistently overheated, malfunctioned and required replacement parts.  *See, e.g.,* https://www.palmbeachpost.com/news/20181114/bucher-on-prayer-mode-as-thursday-deadline-nears.  Defendant Bucher had repeatedly predicted it would be impossible to finish the machine recount by the Thursday, November 15 3 p.m. deadline established by Fla. Stat. § 102.141(7)(c).  *See* https://www.miamiherald.com/news/politics-government/election/article221648390.html.

9.      The prospect of a missed deadline is now a certainty.  At approximately 7:30 p.m. on November 14, 2018, Defendant Bucher announced that she was closing down the canvassing room, thereby ceasing the machine recount process entirely.  *See* Affidavit of Imran Siddiqui (attached hereto as Exhibit A) at ¶ 9.  At that time, the recount stopped completely, and all staff

and observers were dismissed from the canvassing room.  *Id.*  Also on November 14, 2018, in separate litigation pending in the United states District Court for the Northern District of Florida, Defendants Bucher and the Board stated that "it is physically impossible" for them to recount and certify the U.S. Senate race and other races subject to recount within the time prescribed by the Florida statutes.  *See* Palm Beach County Supervisor of Elections' Response to Plaintiffs' Motion for Preliminary Injunction in *Jim Bonfiglio Campaign v. Detzner*, No. 4:18-cv-00527-MW-CAS (N.D. Fla.), at "Procedural Background and Uncontested Facts," ¶ 8 (attached hereto as Ex. B) (hereinafter "Supervisor's Response").

### *The Manual Recount Process*

10.     If the statewide machine recount in the Senate race indicates that a candidate lost by one-quarter of a percent or less of the votes cast for the office, "a manual recount of the overvotes and undervotes cast in the entire geographic jurisdiction of such office" must be ordered by the Secretary of State—but only if certain conditions are met.  Fla. Stat. § 102.166(1). Specifically, a manual recount is ordered *unless* the "number of overvotes and undervotes is fewer than the number of votes needed to change the outcome of the election."  *Id.*  In short, the very premise of a manual recount is that the results of the election may ride on counting additional ballots.

11.     Given the razor-thin margin separating the two candidates for United States Senate (*see* ¶ 7, *supra*), that race is almost certain to go to a statewide manual recount once Florida's counties complete their machine recounts.  That is true even if Palm Beach County does not complete a machine recount, and instead reverts to the initial unofficial results that it reported before the machine recount commenced, pursuant to Fla. Stat. § 102.141(7)(c).

12.     A manual recount is a review by hand of the "overvotes and undervotes from the

machine recount." Fla. Admin. Code r. 1S-2.031(5)(a). An "undervote" is a ballot on which "the elector does not properly designate any choice for an office or ballot question, and the tabulator records no vote for the office or question or that the elector designated less than the number of choices allowed for the office and the tabulator records those choices. *This definition may be altered based upon the individual characteristics of each voting system and how the system accounts for blank ballots*." *Id.* § 1S-2.031(1)(j) (emphasis added).  Functionally, at this point *all* of Palm Beach County's ballots are "undervotes" under the regulation, because its tabulators have recorded no votes for the office. And the regulation gives explicit license to vary the definition of "undervote" based on "the individual characteristics of each voting system." In this circumstance, when the machines are simply unable to function, all of Palm Beach County's ballots are "undervotes." Under the current deadlines, all of those undervotes must be counted by noon on Sunday, November 15th, 2018. See *id.* 1S-2.031(2)(c); Fla. Stat. § 102.112.

### *Defendants Cannot Simply Refuse to Count Votes Cast by Citizens of Palm Beach County*

13.     With a statewide manual recount looming, Defendants have a non-discretionary duty, under both the Florida statutes and the United States Constitution, to count the votes validly cast in the United States Senate race by the citizens of Palm Beach County.

14.     Under the Florida statutes, even if a county canvassing board cannot meet the November 15 3 p.m. machine recount deadline, "the canvassing board shall complete the recount prescribed in this subsection, along with any manual recount prescribed in [Fla. Stat. § 102.166], and certify election returns in accordance with the requirements of this chapter."  Fla. Stat. § 102.141(7)(c); *see also* Fla. Stat. § 102.66(1) (where statutory requirements are met, "a manual recount of the overvotes and undervotes cast in the entire geographic jurisdiction of such office … shall be ordered").  Moreover, county canvassing boards must certify that the election returns

filed with the Department of State include "all valid votes cast in the election."  Fla. Stat. §
102.112(1).

15.     Moreover, Defendants cannot simply decline to count the votes of the electors of
Palm Beach County as a result of equipment difficulties, thereby devaluing their votes vis-à-vis
voters in Florida's other counties.  That is not just a statutory mandate, but a constitutional
imperative.  "The right to vote is protected in more than the initial allocation of the franchise.
Equal protection applies as well to the manner of its exercise.  Having once granted the right to
vote on equal terms, *the State may not, by later arbitrary and disparate treatment, value one
person's vote over that of another*."  *Bush v. Gore*, 531 U.S. 98, 104-05 (2000) (emphasis
added).  "It has been repeatedly recognized that all qualified voters have a constitutionally
protected right to vote *and to have their votes counted*."  *Reynolds v. Sims*, 377 U.S. 533, 554
(1964) (emphasis added, citations omitted).  The rights to vote and to have one's vote counted
are fundamental.  Any action by Defendants to simply stop counting votes, or any reading of
Florida's statutes that would permit prioritization of arbitrary administrative deadlines above
these fundamental rights, is unconstitutional.

### *Defendants Should Be Immediately Ordered to Conduct a Full Hand Recount with Resources Sufficient to Complete the Recount by Sunday at Noon*

16.     The voting machines used in Palm Beach County are capable of processing
approximately 1,000 ballots per hour, but because of their age they cannot operate 24 hours a
day.  Supervisor's Response at ¶ 6.  In addition, Palm Beach County voting machines are a
different, older model than the machines used in the rest of Florida.  *Id*. at ¶ 7.  Moreover,
although there are three statewide races and one local race that must be recounted in Palm Beach
County, *id*. at ¶¶ 5-6, the machines are only capable of recounting one race at a time.  *Id*. at ¶ 7.
At most, only eight machines can be operated to recount votes.  *Id*.  And as discussed *supra* at ¶¶

8-9, the machines have broken down repeatedly and are unreliable.  A machine recount is no longer a viable or reliable alternative for protecting Palm Beach County's voters from suffering irreparable injury or for safeguarding the public interest.

17.     In the November 6, 2018 election, approximately 600,000 electors cast ballots in Palm Beach County.  Supervisor's Response at ¶ 5.  Assuming a manual recount is declared in Florida's United States Senate race, Defendants Bucher and the Board should be ordered to immediately begin a full hand recount of all the ballots cast in that race in Palm Beach County and to apply whatever resources are necessary to complete the recount.  The relevant statutory deadlines should be extended to accommodate the hand recount.  A hand recount will permit all Palm Beach County electors to have their ballots lawfully counted and is the only way to protect both them and the broader public interest from suffering irreparable injury.  This procedure will also satisfy the requirement of Fla. Stat. §§ 102.141(7)(c), 102.166, and 102.112(1), which require a manual recount and a certification including *all* valid votes cast in the election.  It will also ensure that the constitutional rights of Palm Beach County's voters are protected and vindicated.

## CAUSES OF ACTION

### COUNT I

### (Fla. Stat. §§ 102.141(7)(c), 102.166, and 102.112(1))

18.     Plaintiff incorporates by reference and realleges paragraphs 1 to 17 of this Complaint.

19.     When the statutory requirements for a manual recount are met, state and county election authorities, including Defendants here, have a mandatory and non-discretionary duty to conduct one.  *See* Fla. Stat. §§ 102.141(7)(c), 102.166, and 102.112(1).

20.     Given the inability of Defendants to conduct a meaningful, timely or reliable machine recount, the only practicable way for Defendants to comply with this statutory mandate and protect the voters of Palm Beach County from direct and irreparable injury is to immediately conduct a full hand recount.  The relevant statutory deadlines should be extended to accommodate the hand recount.

## COUNT II

### (Equal Protection, U.S. Const. Amend. XIV)

21.     Plaintiff incorporates by reference and realleges paragraphs 1 to 20 of this Complaint.

22.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.  This constitutional provision requires "that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburn Living Center*, 473 U.S. 432, 439 (1985); *see also Bush*, 531 U.S. at 104-05.

23.     Here, the refusal of election officials in one county among 66 others to count votes, or to do so only in a manner proven to be wholly unreliable, will subject similarly situated voters to differing standards based on their county of residence.

24.     Voters who cast valid votes and reside in a county that is logistically capable of completing the recount process—including a manual recount—will have their votes for U.S. Senator counted, even if a vote was originally rejected as an overvote or and undervote, or for some other reason.  By contrast, similarly situated voters who reside in Palm Beach County will have their vote left uncounted.

25.     Defendants' decision to stop counting votes, or to use only demonstrably

ineffective and unreliable means to do so, does not further any legitimate state interest, much less a compelling state interest narrowly tailored, that is sufficiently weighty to justify the disparate treatment of voters.  Any interpretation of Florida's statutes that would require such a result is likewise wanting for failure to satisfy this exacting standard.

### PRAYER FOR EMERGENCY DECLARATORY AND INJUNCTIVE RELIEF

26.     Plaintiff incorporates by reference and realleges paragraphs 1 to 24 of this Complaint.  Plaintiffs respectfully request that this Court:

(a)     Immediately set a hearing to address the issues raised in this Complaint;

(b)     Declare unlawful Defendants' decision to stop counting votes in Palm Beach County, or to use only demonstrably ineffective and unreliable means to do so;

(c)     Enter an injunction ordering and compelling Defendants to immediately conduct a full hand recount of all votes cast in Palm Beach County in the race for United States Senate as soon as a manual recount in that contests is declared by the Secretary of State and to apply resources sufficient to ensure that it is completed;

(d)     Declare that Palm Beach County must be afforded an opportunity to complete a full hand recount of all votes cast in Palm Beach County in the race for United States Senate, notwithstanding any deadlines imposed by Florida law;

(e)     Preliminarily and permanently enjoin enforcement of any deadlines in Florida law that would prevent Palm Beach County from completing a full hand recount of all votes cast in Palm Beach County in the race for United States Senate; and

(f)     Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated:  November 15, 2018                    By:  _____/s/ Catherine Darlson_____

Ronald G. Meyer
Florida Bar No. 0148248
Email:  rmeyer@meyerbrookslaw.com
Jennifer S. Blohm
Florida Bar No. 0106290
Email:  jblohm@meyerbrookslaw.com
MEYER, BROOKS, DEMMA AND
BLOHM, P.A.
131 North Gadsden Street
Post Office Box 1547
Tallahassee, FL 32302-1547
Telephone: (850) 878-5212
Facsimile: (850) 656-6750

John J. Uustal
Florida Bar No. 73547
Catherine C. Darlson
Florida Bar No. 112440
KELLEY/UUSTAL
500 N Federal Highway Suite 200
Fort Lauderdale, FL 33301
Telephone: (954) 522-6601

Marc E. Elias*
Alexander G. Tischenko*
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

David L. Anstaett*
PERKINS COIE LLP
One East Main Street
Suite 201
Madison, WI  53703-5118
Telephone:  608.663.7460
Facsimile:  608.663.7499

Kevin J. Hamilton*
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, Washington 98101-3099

Telephone: (206) 359-8741

*Attorneys for Plaintiff Nelson for Senate*
*Seeking Pro Hac Vice Admission

# EXHIBIT A

## AFFIDAVIT OF IMRAN SIDDIQUI

1.     My name is Imran Siddiqui, being sworn I certify that I am over the age of 18 and of sound mind. I have personal knowledge of the facts stated herein and can competently testify to their truth.

2.     On November 12th, 13th and 14th 2018, I physically attended and observed the Palm Beach County machine recount in connection with the 2018 general election.

3.     Upon information and belief, Palm Beach County is using eight tabulating machines to conduct the machine recount of the race for United States Senate. The eight machines are very old and no other county in Florida still uses the same type of tabulating machine being used by Palm Beach County.

4.     During the machine recount, I have observed ongoing technical difficulties with the eight machines. During the period I was present at the machine recount, at least one technical expert was brought in to attempt to remedy functionality issues with one or more of the machines.

5.     Upon information and belief, on November 13th, 2018 the eight tabulating machines appeared to be stressed and breaking down, causing concern as to whether the machines would prevent Palm Beach County from being able to accurately and timely complete the recount. At approximately 9:40 p.m. on November 13, 2018, I personally observed Susan Bucher, Palm Beach County Supervisor of Elections, make an announcement that she was unable to verify that the machines were tabulating ballots properly and needed to stop the machine recount to re-tabulate approximately 170,00 early vote ballots. The process of re-tabulating the early vote ballots began on the evening of November 13, 2018.

-1-

6.     Upon information and belief, Palm Beach County finished the re-tabulation of the early vote ballots around 12:00 p.m. on November 14, 2018. At this point, the recount stopped completely and all eight machines sat idle. Observers, including myself, and members of the media were told that Palm Beach County officials were working to reconcile the results of the re-tabulation of the early vote ballots.

7.     Upon information and belief, around 2:00 or 3:00 p.m. on November 14, 2018, Palm Beach County began using one machine and one staff member to continue tabulating ballots. The seven remaining machines continued to sit idle.

8.     Around 7:30 p.m. on November 14, 2018, I personally observed Susan Bucher announce that she was closing down the canvassing room, thereby ceasing the machine recounting process entirely. The recount stopped completely, and all staff and observers were dismissed from the canvassing room. Upon information and belief, the reason for the complete stop of operations appeared to be due to the inability of Susan Bucher and the Palm Beach County Canvassing Board to establish confidence in the accuracy of the results being produced by Palm Beach County's tabulating machines.

9.     I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 15, 2018

By: _____
                    Imran Siddiqui


STATE OF FLORIDA

COUNTY OF _Palm   Beach_


Sworn to or affirmed and signed before me on _November 15, 2018_ by _Imran Anf. Siddiqui_


_____

NOTARY PUBLIC or DEPUTY CLERK


_____

[Print, type, or stamp commissioned name of notary or clerk.]


**CHANNIEL J. ELLIS**
Notary Public, State of Florida
Commission# GG 213562
My comm. expires May 2, 2022

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIM BONFIGLIO CAMPAIGN, and
JIM BONFIGLIO, individually as an
elector of House District 89,

       Plaintiff,              Case No.:  4:18-cv-00527-MW-CAS

v.

KEN DETZNER, in his official
capacity as Florida Secretary of
State, and the PALM BEACH
COUNTY CANVASSING BOARD,
and SUSAN M. BUCHER, in her
official capacity as Palm Beach
County Supervisor of Elections,

       Defendants.

_____ /

## PALM BEACH COUNTY SUPERVISOR OF ELECTION'S RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

      Defendants, the PALM BEACH COUNTY CANVASSING BOARD (Board), and SUSAN M. BUCHER, in her official capacity as Palm Beach County Supervisor of Elections (Bucher), by and through their undersigned counsel, hereby file this Response to Plaintiff Jim Bonfiglio Campaign's and Plaintiff Jim Bonfiglio's (collectively, "Bonfiglio") Motion for Preliminary Injunction, and in support state:

## PROCEDURAL BACKGROUND AND UNCONTESTED FACTS

1.      On November 12, 2018, Bonfiglio filed an Emergency Motion for Injunctive Relief to Extend Certification Deadlines as Mandated by Florida Statutes § 102.41 and § 102.112 and to Proceed to the Machine and Manual Recounts of the Florida House of Representative District 89 Election (Motion) in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

2.      On November 13, 2018, Bonfiglio filed an Amended Verified Complaint for Emergency Declaratory and Injunctive Relief (Complaint), also in the Second Judicial Circuit.

3.      On November 13, 2018, Defendant Florida Secretary of State Ken Detzner (Detzner) filed a notice of removal of this action from the Second Judicial Circuit to the United States District Court for the Northern District of Florida.

4.      Bucher and the Board agree on the key applicable facts of this case, as summarized below.

5.      In the General Election held in November, 2018, approximately 600,000 electors cast ballots in Palm Beach County.  The ballots included races for the office of United States Senator, Governor of Florida, Florida Commissioner of Agriculture, and Florida State House Representative for District 89, among others.

6.      The unofficial results first certified indicated a recount is required for all four of the above-listed races.  The number of recounts resulting from this election

is unprecedented. Regarding the race for Florida State House Representative for District 89 (D-89 Race) specifically, on November 10, 2018, Detzner ordered a machine recount of the votes. Each machine is capable of processing approximately 1,000 ballots per hour. However, due to the age of these machines, they cannot operate 24 hours a day.

7. The voting machines used in Palm Beach County are a different, older model than the machines used in the rest of the state. The Palm Beach County voting machines are only capable of recounting a single race at a time. At most, only 8 machines can be operated to recount votes.

8. Due to the limitations of the Palm Beach County voting machines, it is physically impossible for Bucher and the Board to recount and certify the races within the time prescribed by § 102.112, *Florida Statutes*.

9. Florida Statute 101.151 governs the order candidates appear on a ballot. Using this statute as a guide, and relying on the order in which Order of Machine Recounts was received from the Secretary of State, the Board ordered the races to be recounted in the following order: United States Senator, Governor of Florida, Florida Commissioner of Agriculture, and the D-89 Race.

10. Of the four races being recounted, all three races other than the D-89 Race are statewide or federal races.

## THE COURT SHOULD EXTEND THE DEADLINE FOR CERTIFICATION OF THE RECOUNT RESULTS

11.    In the Motion, Bonfiglio requests this Court enter an order of injunction compelling Detzner to extend the deadline for the Board to certify election results from the machine recounts and manual recounts required by statute.  Bucher and the Board support this request.

12.    As stated in the Motion and summarized above, it is physically impossible for Bucher and the Board to complete the required machine and manual recounts in the currently prescribed time period.

13.    The Florida Election Code statutes contain inconsistencies concerning deadlines for counting votes.   For example, § 101.6952(5), *Florida Statutes*, provides that a vote-by-mail ballot from an overseas voter in a general election which is postmarked no later than the day of the election shall be counted if received by the supervisor of elections no later than 10 days after the election.   However, § 102.141(7)(c) requires that a canvassing board submit the second set of unofficial returns no later than 3 p.m. on the 9th day after any general election in which a recount was ordered. In other words, the canvassing board is required to submit results, and then also count votes received after results were submitted.

14.    In interpreting the Florida Election Code, the Florida Supreme Court has "identified the right of Florida's citizens to vote and to have elections determined by the will of Florida's voters as important policy concerns of the Florida Legislature

Case 4:18-cv-00536-MW-MAF   Document 28   Filed 11/04/18   Page 26 of 76
Case 4:18-cv-00527-MW-CAS   Document 28   Filed 11/04/18   Page 26 of 76

Case No.: 4:18-cv-00527-MW-CAS

in enacting Florida's election code." *Palm Beach County Canvassing Board v. Harris*, 772 So.2d 1273, 1290 (Fla. 2000).

15.    Florida Statutes provide that if a canvassing board is unable to complete the machine recount by the statutory deadline, it shall submit the second set of unofficial returns that are identical to the first, accompanied by a report including an explanation as to why the recount deadline was not met.  § 102.141(7)(c), *Florida Statutes*. The statute then orders that the canvassing board complete the recount, along with any manual recount, and certify the election returns.  *Id.* However, § 102.112 provides that if the returns are not received by the department by the 12th day following a general election, the returns shall be ignored and the results on file at that time shall be certified by the department.

16.    The statutes clearly contemplate that if a recount is not completed by the deadline, the canvassing board is required to complete the recount and certify the results.  § 102.141(7)(c), *Florida Statutes*.

17.    Section 102.141(7)(c) specifically addresses recounts not completed by the statutory deadline.  Conversely, § 102.112 is a more general statute. The rules of statutory interpretation require that "where two statutory provisions are in conflict, the specific statute controls the general statute."   *See Palm Beach County Canvassing Board*, 772 at 1287 (further citations omitted).

18.     Moreover, statutes must be read such that every part has meaning.  As stated by the *Palm Beach County Canvassing Board* court, "[a] statutory provision will not be construed in such a way that it renders meaningless or absurd any other statutory provision."  772 So.2d at 1287. Put another way, "a basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless." *Recovery Racing, LLC v. State Department of Highway Safety and Motor Vehicles*, 192 So.3d 665,669 (Fla. 4th DCA 2016).  If § 102.112 were to be read to mean that the directives found in § 102.141(7)(c) to finish the recount and certify the results would have no effect on the outcome of an election, it would render § 102.141(7)(c) useless.  This reading would contradict the rules of statutory construction.

19.     The Florida Supreme Court has previously resorted to the rules of statutory construction "[d]ue to several ambiguities in the Florida Election Code," and stated that "[l]egislative intent – as always – is the polestar that guides a court's inquiry into the provisions of the Florida Election Code." *Palm Beach County Canvassing Board*, 772 So.2d at 1281, 1282.

20.     Finally, it is not clear that § 102.112 deadlines even apply to D-89 race. In note 13 of *Palm Beach County Canvassing Board*, the court stated: "we emphasize that because the certification of the Elections Canvassing Commission and the deadlines in section 102.111 and 102.112 apply only in the case of statewide

and federal elections….” Section 102.112 itself states that it applies to the returns for the elections of federal or state officers.

21.     Given the physical impossibility of completing all four recounts within the statutorily prescribed times, and the express direction by the statute to finish the recount and certify the results even if the time window is missed, it is both appropriate and necessary that this court order Detzner to extend the deadline found in § 102.112, *Florida Statutes* to allow the completion and certification of the machine and manual recounts, as expressly directed by § 102.141(7)(c).

22.     Although § 102.141(7)(c) does not provide a time limit to finish the recount if the initial deadline is missed, Bucher and the Board believe that all four recounts will be completed no later than December 1, 2018, at 3:00.

## THE COURT SHOULD NOT ORDER BUCHER AND THE BOARD TO ALTER THE ORDER IN WHICH THE RACES ARE BEING RECOUNTED

23.     In addition to the injunction extending the deadline, Bonfiglio requests the Court enter an injunction ordering and compelling Bucher and the Board to “immediately cease the machine recount of any statewide race” until the D-89 Race has been recounted, or to re-designate as many machines as necessary to recount the D-89 Race and separate out the overvoted and undervoted ballots for use in a manual recount.

24.     Bucher and the Board oppose the entry of this injunction.

25.    First, the recounts are currently underway, and ordering one or more of the machines be taken out of operation and reprogrammed mid-count creates an unnecessary inefficiency that would slow down the entire recount process and is, thus, not in the public interest.

26.    In addition, if the recount deadlines are not extended, it risks putting the voters of Palm Beach County at a disadvantage relative to every other county in the state of Florida, because the other counties have been able to execute the statutorily mandated recount.  If Palm Beach County votes are not allowed to undergo the same process, the three state-wide recounts would offer every voter outside of Palm Beach County greater protection than any voter inside Palm Beach County.  Recounts ensure the will of the voters is reflected in the election results. *See Palm Beach County Canvassing Board v. Harris,* 772 So.2d 1273. Depriving the citizens in Palm Beach County to right to have their votes counted in the same way as other Florida citizens contravenes the important policy in having elections determined by the will of Florida voters. *Palm Beach County Canvassing Board*, 772 So.2d at 1290.

## INJUNCTION AND EVIDENTIARY HEARING

27.    Preliminary injunctions must be founded upon a finding of (1) the likelihood of irreparable harm, (2) the unavailability of an adequate remedy at law (3) substantial likelihood of success on the merits, and (4) considerations of public

interest. *City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So. 2d 750 (Fla. 1ˢᵗ DCA 1994)* Here, the effect of depriving Palm Beach County citizens of a complete and accurate election count is in irreparable harm for which there is no remedy at law.   Because the rules of statutory construction and the policies underlying the Florida Election Code, it is likely the Court will find that it is proper to extend the deadline to allow for the statutorily required machine and manual recounts. The public's interest in having accurate vote counts in multiple statewide elections is a public purpose of the highest order and necessitates the issuance of an injunction ordering Detzner to extend the statutory deadlines.

28.    The sole fact of which Bucher and the Board are aware that may require an evidentiary hearing is the date by which the recount can be completed and the results certified.   Although this fact is not required for finding the need for a preliminary injunction, it may be necessary for fashioning the remedy.   If the court determines an evidentiary hearing is necessary, Bucher and the Board request permission of the court to appear telephonically for such hearing, with such formalities as the Court may require, pursuant to Local rule 77.3.

*/s/ Andrew J. Baumann*
Andrew J. Baumann
Florida Bar No. 0070610
Primary Email: abaumann@llw-law.com
Secondary Email: kdesroches@llw-law.com
Secondary Email: mlozada@llw-law.com
Rachael B. Santana

Case 4:18-cv-00536-MW-CAS   Document 28   Filed 11/16/18   Page 31 of 76
Case 4:18-cv-00527-MW-CAS   Document 28   Filed 11/14/18   Page 10 of 76

Case No.: 4:18-cv-00527-MW-CAS

Florida Bar No. 107677
Primary Email: rsantana@llw-law.com
Secondary Email: bpennington@llw-law.com
Lewis, Longman & Walker, P.A.
515 North Flagler Drive, Suite 1500
West Palm Beach, Florida 33401
Telephone: (561) 640-0820
Facsimile:  (561) 640-8202

NATALIE A. KATO
Florida Bar No. 87256
Primary email:  nkato@llw-law.com
Secondary email:  jbullock@llw-law.com
Lewis, Longman & Walker, P.A.
315 South Calhoun Street, Suite 830
Tallahassee, FL  32202
Telephone: (850) 222-5702
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida Court's E-filing Portal on this 14th day of November, 2018 to:

Jason B. Blank, Esq.
HABER BLANK, LLP
888 South Andrews Avenue
Suite 101
Fort Lauderdale, FL  33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com
*Counsel for Plaintiff*

Neil W. Blackmon, Esq.
Telephone: (352) 672-1150
nwblackmon@gmail.com
*Co-Counsel for Plaintiff*

Bradley R. McVay, Esq.
Ashley E. Davis, Esq.
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, FL  32399-0250

Erik M. Figlio, Esq.
Ausley McMullen, Esq.
Anthony L. Bajoczky, Jr., Esq.
Alexandra Akre, Esq.
AUSLEY MCMULLEN
P.O. Box 391

Case 4:18-cv-00536-MW-MJF   Document 1   Filed 11/16/18   Page 32 of 76
Case 4:18-cv-00527-MW-CAS   Document 28   Filed 11/16/18   Page 32 of 61

Case No.: 4:18-cv-00527-MW-CAS

Telephone:  (850) 245-6536
Facsimile:  (850) 245-6127
Brad.mcvay@dos.myflorida.com
Ashley.davis@dos.myflorida.com

Tallahassee, FL  32301
Telephone:  (850) 224-9115
Facsimile:  (850) 222-7560
rfiglio@ausley.com
tbajoczky@ausley.com
aakre@ausley.com
*Counsel for Defendant, Secretary of State*


*/s/ Andrew J. Baumann*
Andrew J. Baumann
Florida Bar No. 0070610

B

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SECOND</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>  COUNTY, FLORIDA

Case No.: <u>2018 CA 002445</u>
Judge: _____

<u>Bill Nelson for U.S. Senate</u>
 Plaintiff
            vs.
<u>Ken Detzner, Susan Bucher, Palm Beach County Canvassing Board</u>
Defendant

## II.   TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**     **REMEDIES SOUGHT** (check all that apply):
☐   Monetary;
☒   Non-monetary declaratory or injunctive relief;
☐   Punitive

**IV.**     **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

<u>2</u>

**V.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐   Yes
☒   No

**VI.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒   No
☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☐   Yes
☒   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Catherine Claire Darlson</u>      FL Bar No.: <u>112440</u>
      Attorney or party                                             (Bar number, if attorney)

<u>Catherine Claire Darlson</u>      <u>11/15/2018</u>
      (Type or print name)                                         Date

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

BILL NELSON FOR U.S. SENATE,

        Plaintiff,

v.

KEN DETZNER, in his official capacity as
Florida Secretary of State, and the PALM
BEACH COUNTY CANVASSING
BOARD, and SUSAN M. BUCHER, in her
official capacity as Palm Beach County
Supervisor of Elections,

        Defendants.

_____

CASE NO.      2018 CA 002445

**COMPLAINT FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff, Bill Nelson for U.S. Senate ("Plaintiff"), through undersigned counsel, brings

this suit against Ken Detzner ("Detzner"), in his official capacity as Florida Secretary of State;

the Palm Beach County Canvassing Board ("Board"); and Susan M. Bucher ("Bucher"), in her

official capacity as Palm Beach County Supervisor of Elections (collectively, "Defendants"), and

alleges:

<u>**JURISDICTION AND VENUE**</u>

1.      This is a lawsuit for declaratory and injunctive relief under Fla. Stat. §§ 86.011

and 26.012(2)(c), over which this Court has jurisdiction.  This lawsuit seeks declaratory and

injunctive relief for violations of the United States Constitution and Florida statutory law.

2.      Venue is proper in Leon County, Florida, under Fla. Stat. § 47.011 because the

Secretary of State is a party to this action and the Florida Department of State maintains its

principal place of business in Leon County, and because all or part of the claims for relief at issue in this litigation arose in Leon County.

## PARTIES

3.      Plaintiff, Bill Nelson for U.S. Senate, is a duly organized political campaign in support of Bill Nelson's election to the United States Senate, representing the State of Florida. Plaintiff's interests in enforcing Florida's election laws, and ensuring a fair election, are adversely affected by the conduct complained of below.

4.      Defendant Ken Detzner is sued in his official capacity as Secretary of State of the State of Florida.  Pursuant to Fla. Stat. § 97.012, the Secretary of State is the chief elections officer of the State and is therefore responsible for the administration of state laws affecting voting, including with respect to the general election held on November 6, 2018.  As Secretary of State, Defendant Detzner's duties consist, among other things, of "[o]btain[ing] and maintain[ing] uniformity in the interpretation and implementation of the election laws." *Id*. at § 97.012(1).  The Secretary of State is also tasked with ensuring that county supervisors of elections perform their statutory duties, *see id*. at 97.012(14), is responsible for providing technical assistance to county supervisors of elections on voting systems, *see id*. at 97.012(5), and is responsible for "[p]roviding written direction and opinions to the supervisors of elections on the performance of their official duties with respect to the Florida Election Code or rules adopted by the Department of State." *Id*. at 97.012(16).

5.      Defendant Palm Beach County Canvassing Board was convened pursuant to Fla. Stat. § 102.141.  Under Florida law, it oversees the canvassing of ballots from the November 6, 2018 general election conducted in Palm Beach County, Florida, and the conduct of any recounts ordered by the Secretary of State.

6.      Defendant Susan M. Bucher is the elected Supervisor of Elections in Palm Beach County, Florida, pursuant to Fla. Stat. § 98.015.  She has the duty to conduct the national, state and local elections for Palm Beach County, including the general election held on November 6, 2018.  Under Florida law, Defendant Bucher is responsible for administering voting within Palm Beach County.  *See, e.g.,* Fla. Stat. §§ 100.031, 100.032.

## STATEMENT OF FACTS AND LAW

7.      The candidates for U.S. Senator from Florida are currently separated by a mere .15% of more than 8 million votes cast in the November 6, 2018 election.  As a result, the Secretary of State has declared a machine recount of the U.S. Senate race pursuant to Fla. Stat. § 102.141(7).  The machine recount is currently underway (or has been completed) in all 67 Florida counties, save one: Palm Beach County.

### *Palm Beach County Abandons its Machine Recount*

8.      Palm Beach County has experienced repeated problems with its machine recount. Machines used to recount votes have persistently overheated, malfunctioned and required replacement parts.  *See, e.g.,* https://www.palmbeachpost.com/news/20181114/bucher-on-prayer-mode-as-thursday-deadline-nears.  Defendant Bucher had repeatedly predicted it would be impossible to finish the machine recount by the Thursday, November 15 3 p.m. deadline established by Fla. Stat. § 102.141(7)(c).  *See* https://www.miamiherald.com/news/politics-government/election/article221648390.html.

9.      The prospect of a missed deadline is now a certainty.  At approximately 7:30 p.m. on November 14, 2018, Defendant Bucher announced that she was closing down the canvassing room, thereby ceasing the machine recount process entirely.  *See* Affidavit of Imran Siddiqui (attached hereto as Exhibit A) at ¶ 9.  At that time, the recount stopped completely, and all staff

and observers were dismissed from the canvassing room.  *Id.*  Also on November 14, 2018, in separate litigation pending in the United states District Court for the Northern District of Florida, Defendants Bucher and the Board stated that "it is physically impossible" for them to recount and certify the U.S. Senate race and other races subject to recount within the time prescribed by the Florida statutes.  *See* Palm Beach County Supervisor of Elections' Response to Plaintiffs' Motion for Preliminary Injunction in *Jim Bonfiglio Campaign v. Detzner*, No. 4:18-cv-00527-MW-CAS (N.D. Fla.), at "Procedural Background and Uncontested Facts," ¶ 8 (attached hereto as Ex. B) (hereinafter "Supervisor's Response").

### *The Manual Recount Process*

10.    If the statewide machine recount in the Senate race indicates that a candidate lost by one-quarter of a percent or less of the votes cast for the office, "a manual recount of the overvotes and undervotes cast in the entire geographic jurisdiction of such office" must be ordered by the Secretary of State—but only if certain conditions are met.  Fla. Stat. § 102.166(1). Specifically, a manual recount is ordered *unless* the "number of overvotes and undervotes is fewer than the number of votes needed to change the outcome of the election."  *Id.*  In short, the very premise of a manual recount is that the results of the election may ride on counting additional ballots.

11.     Given the razor-thin margin separating the two candidates for United States Senate (*see* ¶ 7, *supra*), that race is almost certain to go to a statewide manual recount once Florida's counties complete their machine recounts.  That is true even if Palm Beach County does not complete a machine recount, and instead reverts to the initial unofficial results that it reported before the machine recount commenced, pursuant to Fla. Stat. § 102.141(7)(c).

12.    A manual recount is a review by hand of the "overvotes and undervotes from the

machine recount." Fla. Admin. Code r. 1S-2.031(5)(a). An "undervote" is a ballot on which "the elector does not properly designate any choice for an office or ballot question, and the tabulator records no vote for the office or question or that the elector designated less than the number of choices allowed for the office and the tabulator records those choices. *This definition may be altered based upon the individual characteristics of each voting system and how the system accounts for blank ballots*." *Id.* § 1S-2.031(1)(j) (emphasis added).  Functionally, at this point *all* of Palm Beach County's ballots are "undervotes" under the regulation, because its tabulators have recorded no votes for the office. And the regulation gives explicit license to vary the definition of "undervote" based on "the individual characteristics of each voting system." In this circumstance, when the machines are simply unable to function, all of Palm Beach County's ballots are "undervotes." Under the current deadlines, all of those undervotes must be counted by noon on Sunday, November 15th, 2018. See *id.* 1S-2.031(2)(c); Fla. Stat. § 102.112.

### *Defendants Cannot Simply Refuse to Count Votes Cast by Citizens of Palm Beach County*

13.     With a statewide manual recount looming, Defendants have a non-discretionary duty, under both the Florida statutes and the United States Constitution, to count the votes validly cast in the United States Senate race by the citizens of Palm Beach County.

14.     Under the Florida statutes, even if a county canvassing board cannot meet the November 15 3 p.m. machine recount deadline, "the canvassing board shall complete the recount prescribed in this subsection, along with any manual recount prescribed in [Fla. Stat. § 102.166], and certify election returns in accordance with the requirements of this chapter."  Fla. Stat. § 102.141(7)(c); *see also* Fla. Stat. § 102.66(1) (where statutory requirements are met, "a manual recount of the overvotes and undervotes cast in the entire geographic jurisdiction of such office … shall be ordered").  Moreover, county canvassing boards must certify that the election returns

filed with the Department of State include "all valid votes cast in the election."  Fla. Stat. § 102.112(1).

15.     Moreover, Defendants cannot simply decline to count the votes of the electors of Palm Beach County as a result of equipment difficulties, thereby devaluing their votes vis-à-vis voters in Florida's other counties.  That is not just a statutory mandate, but a constitutional imperative.  "The right to vote is protected in more than the initial allocation of the franchise.  Equal protection applies as well to the manner of its exercise.  Having once granted the right to vote on equal terms, *the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another*."  *Bush v. Gore*, 531 U.S. 98, 104-05 (2000) (emphasis added).  "It has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote *and to have their votes counted*."  *Reynolds v. Sims*, 377 U.S. 533, 554 (1964) (emphasis added, citations omitted).  The rights to vote and to have one's vote counted are fundamental.  Any action by Defendants to simply stop counting votes, or any reading of Florida's statutes that would permit prioritization of arbitrary administrative deadlines above these fundamental rights, is unconstitutional.

***Defendants Should Be Immediately Ordered to Conduct a Full Hand Recount with Resources Sufficient to Complete the Recount by Sunday at Noon***

16.     The voting machines used in Palm Beach County are capable of processing approximately 1,000 ballots per hour, but because of their age they cannot operate 24 hours a day.  Supervisor's Response at ¶ 6.  In addition, Palm Beach County voting machines are a different, older model than the machines used in the rest of Florida.  *Id*. at ¶ 7.  Moreover, although there are three statewide races and one local race that must be recounted in Palm Beach County, *id*. at ¶¶ 5-6, the machines are only capable of recounting one race at a time.  *Id*. at ¶ 7.  At most, only eight machines can be operated to recount votes.  *Id*.  And as discussed *supra* at ¶¶

8-9, the machines have broken down repeatedly and are unreliable. A machine recount is no longer a viable or reliable alternative for protecting Palm Beach County's voters from suffering irreparable injury or for safeguarding the public interest.

17.    In the November 6, 2018 election, approximately 600,000 electors cast ballots in Palm Beach County. Supervisor's Response at ¶ 5. Assuming a manual recount is declared in Florida's United States Senate race, Defendants Bucher and the Board should be ordered to immediately begin a full hand recount of all the ballots cast in that race in Palm Beach County and to apply whatever resources are necessary to complete the recount. The relevant statutory deadlines should be extended to accommodate the hand recount. A hand recount will permit all Palm Beach County electors to have their ballots lawfully counted and is the only way to protect both them and the broader public interest from suffering irreparable injury. This procedure will also satisfy the requirement of Fla. Stat. §§ 102.141(7)(c), 102.166, and 102.112(1), which require a manual recount and a certification including *all* valid votes cast in the election. It will also ensure that the constitutional rights of Palm Beach County's voters are protected and vindicated.

## CAUSES OF ACTION

### COUNT I

### (Fla. Stat. §§ 102.141(7)(c), 102.166, and 102.112(1))

18.    Plaintiff incorporates by reference and realleges paragraphs 1 to 17 of this Complaint.

19.    When the statutory requirements for a manual recount are met, state and county election authorities, including Defendants here, have a mandatory and non-discretionary duty to conduct one. *See* Fla. Stat. §§ 102.141(7)(c), 102.166, and 102.112(1).

20.     Given the inability of Defendants to conduct a meaningful, timely or reliable machine recount, the only practicable way for Defendants to comply with this statutory mandate and protect the voters of Palm Beach County from direct and irreparable injury is to immediately conduct a full hand recount.  The relevant statutory deadlines should be extended to accommodate the hand recount.

## COUNT II

### (Equal Protection, U.S. Const. Amend. XIV)

21.     Plaintiff incorporates by reference and realleges paragraphs 1 to 20 of this Complaint.

22.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.  This constitutional provision requires "that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburn Living Center*, 473 U.S. 432, 439 (1985); *see also Bush*, 531 U.S. at 104-05.

23.     Here, the refusal of election officials in one county among 66 others to count votes, or to do so only in a manner proven to be wholly unreliable, will subject similarly situated voters to differing standards based on their county of residence.

24.     Voters who cast valid votes and reside in a county that is logistically capable of completing the recount process—including a manual recount—will have their votes for U.S. Senator counted, even if a vote was originally rejected as an overvote or and undervote, or for some other reason.  By contrast, similarly situated voters who reside in Palm Beach County will have their vote left uncounted.

25.     Defendants' decision to stop counting votes, or to use only demonstrably

ineffective and unreliable means to do so, does not further any legitimate state interest, much less a compelling state interest narrowly tailored, that is sufficiently weighty to justify the disparate treatment of voters.  Any interpretation of Florida's statutes that would require such a result is likewise wanting for failure to satisfy this exacting standard.

## <u>PRAYER FOR EMERGENCY DECLARATORY AND INJUNCTIVE RELIEF</u>

26.     Plaintiff incorporates by reference and realleges paragraphs 1 to 24 of this Complaint.  Plaintiffs respectfully request that this Court:

(a)     Immediately set a hearing to address the issues raised in this Complaint;

(b)     Declare unlawful Defendants' decision to stop counting votes in Palm Beach County, or to use only demonstrably ineffective and unreliable means to do so;

(c)     Enter an injunction ordering and compelling Defendants to immediately conduct a full hand recount of all votes cast in Palm Beach County in the race for United States Senate as soon as a manual recount in that contests is declared by the Secretary of State and to apply resources sufficient to ensure that it is completed;

(d)     Declare that Palm Beach County must be afforded an opportunity to complete a full hand recount of all votes cast in Palm Beach County in the race for United States Senate, notwithstanding any deadlines imposed by Florida law;

(e)     Preliminarily and permanently enjoin enforcement of any deadlines in Florida law that would prevent Palm Beach County from completing a full hand recount of all votes cast in Palm Beach County in the race for United States Senate; and

(f)     Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated:  November 15, 2018          By:  _____ /s/ Catherine Darlson _____

Ronald G. Meyer
Florida Bar No. 0148248
Email:  rmeyer@meyerbrookslaw.com
Jennifer S. Blohm
Florida Bar No. 0106290
Email:  jblohm@meyerbrookslaw.com
MEYER, BROOKS, DEMMA AND
BLOHM, P.A.
131 North Gadsden Street
Post Office Box 1547
Tallahassee, FL 32302-1547
Telephone: (850) 878-5212
Facsimile: (850) 656-6750

John J. Uustal
Florida Bar No. 73547
Catherine C. Darlson
Florida Bar No. 112440
KELLEY/UUSTAL
500 N Federal Highway Suite 200
Fort Lauderdale, FL 33301
Telephone: (954) 522-6601

Marc E. Elias*
Alexander G. Tischenko*
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

David L. Anstaett*
PERKINS COIE LLP
One East Main Street
Suite 201
Madison, WI  53703-5118
Telephone:  608.663.7460
Facsimile:  608.663.7499

Kevin J. Hamilton*
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, Washington 98101-3099

Telephone: (206) 359-8741

*Attorneys for Plaintiff Nelson for Senate*
*Seeking Pro Hac Vice Admission

# EXHIBIT A

## AFFIDAVIT OF IMRAN SIDDIQUI

1.      My name is Imran Siddiqui, being sworn I certify that I am over the age of 18 and of sound mind. I have personal knowledge of the facts stated herein and can competently testify to their truth.

2.      On November 12th, 13th and 14th 2018, I physically attended and observed the Palm Beach County machine recount in connection with the 2018 general election.

3.      Upon information and belief, Palm Beach County is using eight tabulating machines to conduct the machine recount of the race for United States Senate. The eight machines are very old and no other county in Florida still uses the same type of tabulating machine being used by Palm Beach County.

4.      During the machine recount, I have observed ongoing technical difficulties with the eight machines. During the period I was present at the machine recount, at least one technical expert was brought in to attempt to remedy functionality issues with one or more of the machines.

5.      Upon information and belief, on November 13th, 2018 the eight tabulating machines appeared to be stressed and breaking down, causing concern as to whether the machines would prevent Palm Beach County from being able to accurately and timely complete the recount. At approximately 9:40 p.m. on November 13, 2018, I personally observed Susan Bucher, Palm Beach County Supervisor of Elections, make an announcement that she was unable to verify that the machines were tabulating ballots properly and needed to stop the machine recount to re-tabulate approximately 170,00 early vote ballots. The process of re-tabulating the early vote ballots began on the evening of November 13, 2018.

-1-

6.      Upon information and belief, Palm Beach County finished the re-tabulation of the early vote ballots around 12:00 p.m. on November 14, 2018. At this point, the recount stopped completely and all eight machines sat idle. Observers, including myself, and members of the media were told that Palm Beach County officials were working to reconcile the results of the re-tabulation of the early vote ballots.

7.      Upon information and belief, around 2:00 or 3:00 p.m. on November 14, 2018, Palm Beach County began using one machine and one staff member to continue tabulating ballots. The seven remaining machines continued to sit idle.

8.      Around 7:30 p.m. on November 14, 2018, I personally observed Susan Bucher announce that she was closing down the canvassing room, thereby ceasing the machine recounting process entirely. The recount stopped completely, and all staff and observers were dismissed from the canvassing room. Upon information and belief, the reason for the complete stop of operations appeared to be due to the inability of Susan Bucher and the Palm Beach County Canvassing Board to establish confidence in the accuracy of the results being produced by Palm Beach County's tabulating machines.

9.      I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 15, 2018

By: _____
Imran Siddiqui

STATE OF FLORIDA

COUNTY OF _Palm   Beach_

Sworn to or affirmed and signed before me on _November 15, 2018_ by _Imran Anf. Siddiqui_

_____

NOTARY PUBLIC or DEPUTY CLERK

_Channiel J Ellis_
_____

[Print, type, or stamp commissioned name of notary or clerk.]

CHANNIEL J. ELLIS
Notary Public, State of Florida
Commission# GG 213562
My comm. expires May 2, 2022

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIM BONFIGLIO CAMPAIGN, and
JIM BONFIGLIO, individually as an
elector of House District 89,

      Plaintiff,                  Case No.:  4:18-cv-00527-MW-CAS

v.

KEN DETZNER, in his official
capacity as Florida Secretary of
State, and the PALM BEACH
COUNTY CANVASSING BOARD,
and SUSAN M. BUCHER, in her
official capacity as Palm Beach
County Supervisor of Elections,

      Defendants.

_____ /

## PALM BEACH COUNTY SUPERVISOR OF ELECTION'S RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

     Defendants, the PALM BEACH COUNTY CANVASSING BOARD (Board),

and SUSAN M. BUCHER, in her official capacity as Palm Beach County Supervisor

of Elections (Bucher), by and through their undersigned counsel, hereby file this

Response to Plaintiff Jim Bonfiglio Campaign's and Plaintiff Jim Bonfiglio's

(collectively, "Bonfiglio") Motion for Preliminary Injunction, and in support state:

**PROCEDURAL BACKGROUND AND UNCONTESTED FACTS**

1.     On November 12, 2018, Bonfiglio filed an Emergency Motion for Injunctive Relief to Extend Certification Deadlines as Mandated by Florida Statutes § 102.41 and § 102.112 and to Proceed to the Machine and Manual Recounts of the Florida House of Representative District 89 Election (Motion) in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

2.     On November 13, 2018, Bonfiglio filed an Amended Verified Complaint for Emergency Declaratory and Injunctive Relief (Complaint), also in the Second Judicial Circuit.

3.     On November 13, 2018, Defendant Florida Secretary of State Ken Detzner (Detzner) filed a notice of removal of this action from the Second Judicial Circuit to the United States District Court for the Northern District of Florida.

4.     Bucher and the Board agree on the key applicable facts of this case, as summarized below.

5.     In the General Election held in November, 2018, approximately 600,000 electors cast ballots in Palm Beach County.  The ballots included races for the office of United States Senator, Governor of Florida, Florida Commissioner of Agriculture, and Florida State House Representative for District 89, among others.

6.     The unofficial results first certified indicated a recount is required for all four of the above-listed races.  The number of recounts resulting from this election

is unprecedented. Regarding the race for Florida State House Representative for District 89 (D-89 Race) specifically, on November 10, 2018, Detzner ordered a machine recount of the votes. Each machine is capable of processing approximately 1,000 ballots per hour.  However, due to the age of these machines, they cannot operate 24 hours a day.

7.     The voting machines used in Palm Beach County are a different, older model than the machines used in the rest of the state.  The Palm Beach County voting machines are only capable of recounting a single race at a time.  At most, only 8 machines can be operated to recount votes.

8.     Due to the limitations of the Palm Beach County voting machines, it is physically impossible for Bucher and the Board to recount and certify the races within the time prescribed by § 102.112, *Florida Statutes*.

9.     Florida Statute 101.151 governs the order candidates appear on a ballot. Using this statute as a guide, and relying on the order in which Order of Machine Recounts was received from the Secretary of State, the Board ordered the races to be recounted in the following order:  United States Senator, Governor of Florida, Florida Commissioner of Agriculture, and the D-89 Race.

10.     Of the four races being recounted, all three races other than the D-89 Race are statewide or federal races.

Case 4:18-cv-00536-MW-MAF   Document 28   Filed 11/04/18   Page 55 of 76
Case 4:18-cv-00527-MW-CAS   Document 28   Filed 11/04/18   Page 55 of 76

Case No.: 4:18-cv-00527-MW-CAS

## THE COURT SHOULD EXTEND THE DEADLINE FOR CERTIFICATION OF THE RECOUNT RESULTS

11.    In the Motion, Bonfiglio requests this Court enter an order of injunction compelling Detzner to extend the deadline for the Board to certify election results from the machine recounts and manual recounts required by statute.  Bucher and the Board support this request.

12.    As stated in the Motion and summarized above, it is physically impossible for Bucher and the Board to complete the required machine and manual recounts in the currently prescribed time period.

13.    The Florida Election Code statutes contain inconsistencies concerning deadlines for counting votes.   For example, § 101.6952(5), *Florida Statutes*, provides that a vote-by-mail ballot from an overseas voter in a general election which is postmarked no later than the day of the election shall be counted if received by the supervisor of elections no later than 10 days after the election.   However, § 102.141(7)(c) requires that a canvassing board submit the second set of unofficial returns no later than 3 p.m. on the 9th day after any general election in which a recount was ordered. In other words, the canvassing board is required to submit results, and then also count votes received after results were submitted.

14.    In interpreting the Florida Election Code, the Florida Supreme Court has "identified the right of Florida's citizens to vote and to have elections determined by the will of Florida's voters as important policy concerns of the Florida Legislature

in enacting Florida's election code." *Palm Beach County Canvassing Board v. Harris*, 772 So.2d 1273, 1290 (Fla. 2000).

15.     Florida Statutes provide that if a canvassing board is unable to complete the machine recount by the statutory deadline, it shall submit the second set of unofficial returns that are identical to the first, accompanied by a report including an explanation as to why the recount deadline was not met.   § 102.141(7)(c), *Florida Statutes.* The statute then orders that the canvassing board complete the recount, along with any manual recount, and certify the election returns.   *Id.* However, § 102.112 provides that if the returns are not received by the department by the 12th day following a general election, the returns shall be ignored and the results on file at that time shall be certified by the department.

16.     The statutes clearly contemplate that if a recount is not completed by the deadline, the canvassing board is required to complete the recount and certify the results.   § 102.141(7)(c), *Florida Statutes.*

17.     Section 102.141(7)(c) specifically addresses recounts not completed by the statutory deadline.   Conversely, § 102.112 is a more general statute. The rules of statutory interpretation require that "where two statutory provisions are in conflict, the specific statute controls the general statute."   *See Palm Beach County Canvassing Board*, 772 at 1287 (further citations omitted).

18.     Moreover, statutes must be read such that every part has meaning.  As stated by the *Palm Beach County Canvassing Board* court, "[a] statutory provision will not be construed in such a way that it renders meaningless or absurd any other statutory provision."  772 So.2d at 1287. Put another way, "a basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless." *Recovery Racing, LLC v. State Department of Highway Safety and Motor Vehicles*, 192 So.3d 665,669 (Fla. 4th DCA 2016).  If § 102.112 were to be read to mean that the directives found in § 102.141(7)(c) to finish the recount and certify the results would have no effect on the outcome of an election, it would render § 102.141(7)(c) useless.  This reading would contradict the rules of statutory construction.

19.     The Florida Supreme Court has previously resorted to the rules of statutory construction "[d]ue to several ambiguities in the Florida Election Code," and stated that "[l]egislative intent – as always – is the polestar that guides a court's inquiry into the provisions of the Florida Election Code." *Palm Beach County Canvassing Board*, 772 So.2d at 1281, 1282.

20.     Finally, it is not clear that § 102.112 deadlines even apply to D-89 race. In note 13 of *Palm Beach County Canvassing Board*, the court stated: "we emphasize that because the certification of the Elections Canvassing Commission and the deadlines in section 102.111 and 102.112 apply only in the case of statewide

Case 4:18-cv-00536-MW-MAF   Document 28   Filed 11/16/18   Page 58 of 76
Case 4:18-cv-00527-MW-CAS   Document 28   Filed 11/14/18   Page 58 of 76

Case No.: 4:18-cv-00527-MW-CAS

and federal elections…." Section 102.112 itself states that it applies to the returns for the elections of federal or state officers.

21.     Given the physical impossibility of completing all four recounts within the statutorily prescribed times, and the express direction by the statute to finish the recount and certify the results even if the time window is missed, it is both appropriate and necessary that this court order Detzner to extend the deadline found in § 102.112, *Florida Statutes* to allow the completion and certification of the machine and manual recounts, as expressly directed by § 102.141(7)(c).

22.     Although § 102.141(7)(c) does not provide a time limit to finish the recount if the initial deadline is missed, Bucher and the Board believe that all four recounts will be completed no later than December 1, 2018, at 3:00.

## THE COURT SHOULD NOT ORDER BUCHER AND THE BOARD TO ALTER THE ORDER IN WHICH THE RACES ARE BEING RECOUNTED

23.     In addition to the injunction extending the deadline, Bonfiglio requests the Court enter an injunction ordering and compelling Bucher and the Board to "immediately cease the machine recount of any statewide race" until the D-89 Race has been recounted, or to re-designate as many machines as necessary to recount the D-89 Race and separate out the overvoted and undervoted ballots for use in a manual recount.

24.     Bucher and the Board oppose the entry of this injunction.

25.     First, the recounts are currently underway, and ordering one or more of the machines be taken out of operation and reprogrammed mid-count creates an unnecessary inefficiency that would slow down the entire recount process and is, thus, not in the public interest.

26.     In addition, if the recount deadlines are not extended, it risks putting the voters of Palm Beach County at a disadvantage relative to every other county in the state of Florida, because the other counties have been able to execute the statutorily mandated recount.  If Palm Beach County votes are not allowed to undergo the same process, the three state-wide recounts would offer every voter outside of Palm Beach County greater protection than any voter inside Palm Beach County.  Recounts ensure the will of the voters is reflected in the election results. *See Palm Beach County Canvassing Board v. Harris,* 772 So.2d 1273. Depriving the citizens in Palm Beach County to right to have their votes counted in the same way as other Florida citizens contravenes the important policy in having elections determined by the will of Florida voters. *Palm Beach County Canvassing Board*, 772 So.2d at 1290.

## **INJUNCTION AND EVIDENTIARY HEARING**

27.     Preliminary injunctions must be founded upon a finding of (1) the likelihood of irreparable harm, (2) the unavailability of an adequate remedy at law (3) substantial likelihood of success on the merits, and (4) considerations of public

interest. *City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So. 2d 750 (Fla. 1st DCA 1994)* Here, the effect of depriving Palm Beach County citizens of a complete and accurate election count is in irreparable harm for which there is no remedy at law.   Because the rules of statutory construction and the policies underlying the Florida Election Code, it is likely the Court will find that it is proper to extend the deadline to allow for the statutorily required machine and manual recounts. The public's interest in having accurate vote counts in multiple statewide elections is a public purpose of the highest order and necessitates the issuance of an injunction ordering Detzner to extend the statutory deadlines.

28.    The sole fact of which Bucher and the Board are aware that may require an evidentiary hearing is the date by which the recount can be completed and the results certified.   Although this fact is not required for finding the need for a preliminary injunction, it may be necessary for fashioning the remedy.   If the court determines an evidentiary hearing is necessary, Bucher and the Board request permission of the court to appear telephonically for such hearing, with such formalities as the Court may require, pursuant to Local rule 77.3.

*/s/ Andrew J. Baumann*
Andrew J. Baumann
Florida Bar No. 0070610
Primary Email: abaumann@llw-law.com
Secondary Email: kdesroches@llw-law.com
Secondary Email: mlozada@llw-law.com
Rachael B. Santana

Case 4:18-cv-00536-MW-CAS   Document 28   Filed 11/16/18   Page 61 of 76
Case 4:18-cv-00527-MW-CAS   Document 28   Filed 11/14/18   Page 61 of 76

Case No.: *4:18-cv-00527-MW-CAS*

Florida Bar No. 107677
Primary Email: rsantana@llw-law.com
Secondary Email: bpennington@llw-law.com
Lewis, Longman & Walker, P.A.
515 North Flagler Drive, Suite 1500
West Palm Beach, Florida 33401
Telephone: (561) 640-0820
Facsimile:  (561) 640-8202

NATALIE A. KATO
Florida Bar No. 87256
Primary email:  nkato@llw-law.com
Secondary email:  jbullock@llw-law.com
Lewis, Longman & Walker, P.A.
315 South Calhoun Street, Suite 830
Tallahassee, FL  32202
Telephone: (850) 222-5702
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Florida Court's E-filing Portal on this 14th day of November, 2018 to:

Jason B. Blank, Esq.
HABER BLANK, LLP
888 South Andrews Avenue
Suite 101
Fort Lauderdale, FL  33316
Telephone: (954) 767-0300
Facsimile: (954) 949-0510
eservice@haberblank.com
*Counsel for Plaintiff*

Neil W. Blackmon, Esq.
Telephone: (352) 672-1150
nwblackmon@gmail.com
*Co-Counsel for Plaintiff*

Bradley R. McVay, Esq.
Ashley E. Davis, Esq.
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, FL  32399-0250

Erik M. Figlio, Esq.
Ausley McMullen, Esq.
Anthony L. Bajoczky, Jr., Esq.
Alexandra Akre, Esq.
AUSLEY MCMULLEN
P.O. Box 391

Telephone:  (850) 245-6536
Facsimile:  (850) 245-6127
Brad.mcvay@dos.myflorida.com
Ashley.davis@dos.myflorida.com

Tallahassee, FL  32301
Telephone:  (850) 224-9115
Facsimile:  (850) 222-7560
rfiglio@ausley.com
tbajoczky@ausley.com
aakre@ausley.com
*Counsel for Defendant, Secretary of State*


*/s/ Andrew J. Baumann*                          
Andrew J. Baumann
Florida Bar No. 0070610

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

BILL NELSON FOR U.S. SENATE,

              Plaintiff,

v.

KEN DETZNER, in his official capacity as
Florida Secretary of State, and the PALM
BEACH COUNTY CANVASSING BOARD,
and SUSAN M. BUCHER, in her official
capacity as Palm Beach County Supervisor of
Elections,

              Defendants.

_____/

CASE NO.      2018 CA 002445

## S U M M O N S

THE STATE OF FLORIDA:

To All and Singular Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this summons and copy of the Complaint

in this action on Defendant:

**SUSAN BUCHER, PALM BEACH COUNTY SUPERVISOR OF ELECTIONS**
**240 South Military Trail**
**West Palm Beach, Florida 33415**

    Each Defendant is required to serve written defenses to the Complaint or petition on

Catherine C. Darlson, Esq., **KELLEY UUSTAL, PLC,** 500 North Federal Highway, Suite 200,

Fort Lauderdale, Florida 33301 within twenty (20) days after service of this summons on that

Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk

of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant

fails to do so, a default will be entered against that defendant for the relief demanded in the

Complaint or petition.

WITNESS my hand and the seal of this Court.


As Clerk of said Court


By:_____

Deputy Clerk


IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT: **SUSAN WILSON, ADA COORDINATOR,** 301 SOUTH MONROE STREET, TALLAHASSEE, FL 32301, 850.606.4401AT LEAST 7 DAYS BEFORE YOUR SCHEDULED COURT APPEARANCE, OR IMMEDIATELY UPON RECEIVING THIS NOTIFICATION IF THE TIME BEFORE THE SCHEDULED APPEARANCE IS LESS THAN 7 DAYS; IF YOU ARE HEARING OR VOICE IMPAIRED, CALL 711.

## **IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## **IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes

interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## <u>IMPORTANT</u>

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de                              l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

BILL NELSON FOR U.S. SENATE,

        Plaintiff,

v.

KEN DETZNER, in his official capacity as
Florida Secretary of State, and the PALM
BEACH COUNTY CANVASSING
BOARD, and SUSAN M. BUCHER, in her
official capacity as Palm Beach County
Supervisor of Elections,

        Defendants.

_____/

CASE NO.    2018 CA 002445

## S U M M O N S

THE STATE OF FLORIDA:

To All and Singular Sheriffs of said State:

     YOU ARE HEREBY COMMANDED to serve this summons and copy of the Complaint

in this action on Defendant:

**PALM BEACH COUNTY CANVASSING BOARD**
**240 South Military Trail**
**West Palm Beach, Florida 33415**

     Each Defendant is required to serve written defenses to the Complaint or petition on

Catherine C. Darlson, Esq., **KELLEY UUSTAL, PLC,** 500 North Federal Highway, Suite 200,

Fort Lauderdale, Florida 33301 within twenty (20) days after service of this summons on that

Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk

of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant

fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or petition.

WITNESS my hand and the seal of this Court.


As Clerk of said Court:


By: _____
Deputy Clerk


If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: **Susan Wilson, ADA Coordinator,** 301 South Monroe Street, Tallahassee, FL 32301, 850.606.4401at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.


## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes

interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## **<u>IMPORTANT</u>**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de                          l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

BILL NELSON FOR U.S. SENATE,

        Plaintiff,

v.

KEN DETZNER, in his official capacity as
Florida Secretary of State, and the PALM
BEACH COUNTY CANVASSING
BOARD, and SUSAN M. BUCHER, in her
official capacity as Palm Beach County
Supervisor of Elections,

        Defendants.

CASE NO.   2018 CA 002445

_____/

## S U M M O N S

THE STATE OF FLORIDA:

To All and Singular Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this summons and copy of the Complaint

in this action on Defendant:

**KEN DETZNER, SECRETARY OF STATE OF THE STATE OF FLORIDA**
**R.A. Gray Building**
**Tallahassee, Florida 32301**

      Each Defendant is required to serve written defenses to the Complaint or petition on

Catherine C. Darlson, Esq., **KELLEY UUSTAL, PLC,** 500 North Federal Highway, Suite 200,

Fort Lauderdale, Florida 33301 within twenty (20) days after service of this summons on that

Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk

of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant

fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or petition.

WITNESS my hand and the seal of this Court.


As Clerk of said Court:

By: _____
Deputy Clerk

IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT: **SUSAN WILSON, ADA COORDINATOR,** 301 SOUTH MONROE STREET, TALLAHASSEE, FL 32301, 850.606.4401AT LEAST 7 DAYS BEFORE YOUR SCHEDULED COURT APPEARANCE, OR IMMEDIATELY UPON RECEIVING THIS NOTIFICATION IF THE TIME BEFORE THE SCHEDULED APPEARANCE IS LESS THAN 7 DAYS; IF YOU ARE HEARING OR VOICE IMPAIRED, CALL 711.

## **IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## **IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser

despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de                                        l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.



# LEON COUNTY Receipt of Transaction
## Receipt #      1383523

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Gilbraltar Private Bank
500 N FEDERAL HWY STE 200
FORT LAUDERDALE, FL  33301

**On Behalf Of:**
BILL NELSON FOR U.S. SENATE

500 N FEDERAL HWY STE 200
FORT LAUDERDALE, FL  33322

On: 11/15/2018   4:07:49PM
Transaction # 100636881
Cashiered by: T BODIFORD

| CaseNumber   2018 CA 002445 |
| --- |

**Judge**   KAREN A GIEVERS

**BILL NELSON FOR U.S. SENATE   *VS*   KEN DETZNER**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
| --- | --- | --- | --- | --- | --- | --- |
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| Total: | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |
| Grand Total: | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |

| PAYMENTS |
| --- |

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| CREDIT CARD EFILE | 80871530 | OK | 430.00 | 0.00 | 0.00 | 0.00 | 430.00 |
| | | Payments Total: | **430.00** | **0.00** | **0.00** | **0.00** | **430.00** |

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

BILL NELSON FOR U.S. SENATE
    Plaintiff(s),

vs.                              CASE NO. 2018 CA 002445

DETZNER, KEN
    Defendant(s).

_____/

### ORDER SETTING CASE MANAGEMENT CONFERENCE

THIS CAUSE came before the Court on November 15, 2018 for sua sponte review.  The Court having reviewed the court file, having determined that this appears to be an election case entitled to high priority pursuant to Rule 2.215(g) and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that this case is set for Case Management Conference and evidentiary hearing pursuant to Rule 1.200 on November 16, 2018 at 1:30 p.m. E.T. [to address whether this Court has jurisdiction and what the disputed issues of fact and law are],  before the Honorable Karen Gievers, Leon County Courthouse, 301 South Monroe Street, Courtroom 3-G, Tallahassee, FL

32301. By 12:00 noon, counsel shall submit their joint prehearing statement indicating their position as to what, if any jurisdiction, this Court has, as well as any matters of fact and law remaining in dispute regarding the issues in this case. Counsel are reminded to submit their papers through the Clerk's efiling portal and by email to Judicial Assistant Underwood, copies to all counsel.

In accordance with the Americans with Disabilities Act, persons needing special accommodation to participate in this proceeding should contact the Court Administrator's Office no later than seven days prior to the proceeding at (850)606-4300.

ORDERED in Tallahassee, Leon County, Florida, on 11/15/2018 4:59 PM.

11/15/2018 4:59 PM 2018
002445

e-Signed 11/15/2018 4:59 PM 2018 CA
002445

Circuit Judge

Copies furnished to:


KEN  DETZNER
No address on file

PALM BEACH COUNTY CANVASSING BOARD
No address on file

CATHERINE CLAIRE DARLSON
500 N FEDERAL HIGHWAY
SUITE 200
FORT LAUDERDALE, FL  33301


BILL NELSON FOR U.S. SENATE
500 N FEDERAL HWY STE 200
FORT LAUDERDALE, FL  33322


SUSAN  BUCHER
No address on file