UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BILL NELSON FOR U.S. SENATE,

    Plaintiff,

v.                                  Case No. 4:18-cv-00536-MW-MJF

KEN DETZNER, in his official capacity
as Florida Secretary of State, *et al.*,

    Defendants.
_____/

**THE NATIONAL REPUBLICAN SENATORIAL COMMITTEE'S
RESPONSE TO COURT'S REQUEST FOR CLARIFICATION**

Intervenor, the National Republican Senatorial Committee ("Intervenor"), by and through its undersigned counsel, hereby responds to this Court's Order Directing Parties to Clarify (D.E. 12), and states as follows:

Intervenor submits that there is no live issue for resolution by this Court based on recent and ongoing developments in Palm Beach County. Upon information and belief, the Palm Beach County Canvassing Board commenced the manual recount of approximately 5,900 overvotes and undervotes required to be counted at approximately noon today. *See* Fla. Stat. § 102.166; *see also Florida election recount: PBC about halfway done with Senate recount,* https://www.palmbeachpost.com/news/20181116/florida-election-recount-pbc-

about-halfway-done-with-senate-recount.  Consistent with Supervisor of Elections Bucher's testimony yesterday, Palm Beach County intended to complete the machine recount and then proceed to conduct the manual recount for the U.S. Senate race between Senator Bill Nelson and Governor Rick Scott.  *See* D.E. 12 at 2.  Palm Beach County is on track to complete the manual recount today.

As the Court correctly notes, the heart of Plaintiff's claim is that Palm Beach County halted the machine recount due to equipment malfunction.  *See* D.E. 1, Ex. A at ¶¶ 9, 15 ("Any action by Defendants to simply stop counting votes . . ."), 26(b) ("Declare unlawful Defendants' decision to stop counting votes in Palm Beach County . . .").  Based on the recent developments, Intervenor respectfully submits that the crux of the claims and the relief requested is now moot. To the extent that Plaintiff purports to still seek an unprecedented and extra-statutory remedy of a judicially ordered "hand count" of the approximately 600,000 votes in Palm Beach County—as opposed to just the overvotes and undervotes—such relief is unlawful and unwarranted. This Court should decline Plaintiff's invitation to disregard the clear statutory mandates of Florida law and to delay the fair and final resolution of the November 6, 2018 general election for United States Senate in Florida.  Such relief, if granted, would necessarily require extension of the statewide vote certifications for the U.S. Senate and all other races, and take an unknown amount of time.  If it took a full business day to hand review

approximately 6,000 ballots during the statutory manual review period, a manual count of over 600,000 ballots could take as many as 100 days and extend well beyond the convening of the next Congress.

The Florida Legislature has established Florida's recount procedures under its federal constitutional authority to regulate the times, places, and manner of electing members of Congress. U.S. Const. art. I, § 4. With manual recounts underway across the State, Plaintiff now asks this Court to require Palm Beach County—and Palm Beach County alone—to discard any reliance on two prior machine counts and instead to conduct a manual recount of all votes cast at the recent election for U.S. Senate. Florida law, however, makes no provision for a manual recount of all votes—only overvotes and undervotes. *See* Fla. Stat. § 102.166. And, as noted in previous filings in election related matters this week, it is well established that there is no constitutional right to a recount.

And even if it were lawful, circumstances would not justify, and time would not permit, a hand recount of almost 600,000 ballots in one county. Plaintiff has not impugned the initial machine tabulation reflected in Palm Beach County's initial unofficial returns, nor can Plaintiff show any other constitutional necessity to review each ballot cast in one county manually. The relief that Plaintiff seeks is not only unprecedented and unlawful, but raises its own timing and constitutional

3

concerns, and would only serve to further the chaos surrounding Florida's election process and harm the voters of Florida.

## CONCLUSION

For the foregoing reasons and authorities, and based on the testimony of the Palm Beach County Supervisor of Elections yesterday in a related case, Intervenor submits that no live issue remains before this Court.  Accordingly, this case is now moot and should be dismissed.

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this Response contains 651 words.

                                      Respectfully submitted,

/s/ *Kimberly T. Mydock*
R. Eric Bilik (FBN 0987840)
Kimberly T. Mydock (FBN 100571)
McGuireWoods LLP
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Telelphone: 904-798-3200
ebilik@mcguirewoods.com
kmydock@mcguirewoods.com

Andy Bardos (FBN 822671)
George T. Levesque (FBN 555541)
GrayRobinson, P.A.
Post Office Box 11189
Tallahassee, Florida 32302-3189
Telephone: 850-577-990
andy.bardos@gray-robinson.com
george.levesque@gray-robinson.com

John D. Adams *
Matthew A. Fitzgerald *
McGuireWoods LLP
800 East Canal Street
Richmond, Virginia 23219
Telephone: 804-775-4744
jadams@mcguirewoods.com
mfitzgerald@mcguirewoods.com
* *admitted pro hac vice*

        *Attorneys for the National Republican Senatorial Committee*