UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BILL NELSON FOR U.S. SENATE,

    Plaintiff,

v.

    Case No.: 4:18-CV-00536-MW-CAS

KEN DETZNER, in his official capacity as
Florida Secretary of State, and the PALM
BEACH COUNTY CANVASSING
BOARD, and SUSAN M. BUCHER, in her
official capacity as Palm Beach County
Supervisor of Elections,

    Defendants.

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO ORDER TO CLARIFY

Pursuant to this Court's order of this afternoon, plaintiff responds as follows. Plaintiff has been in communication with Palm Beach County and understands that the county intends, contrary to Florida law, to revert to election night machine count totals, and to add to that the totals from the on-going hand recount. The county has, in fact, conducted a machine recount but has to date refused to release the results of that recount which would allow the parties to evaluate whether or not a continuing controversy exists for this Court to address.

Palm Beach County has determined that it will use the results of the first unofficial canvass and not the machine recount for its final certification. That is

1

contrary to Florida law. Fl. Stat. 102.141(7)(c) states that it may submit the first unofficial canvass results if it does not meet the machine recount deadline; however, it must continue the machine recount and include the recount result in its final certification. "If the canvassing board is unable to complete the recount prescribed in this subsection by the deadline, the second set of unofficial returns submitted by the canvassing board shall be identical to the initial unofficial returns and the submission shall also include a detailed explanation of why it was unable to timely complete the recount. However, the canvassing board shall complete the recount prescribed in this subsection, along with any manual recount prescribed in s. 102.166, and certify election returns in accordance with the requirements of this chapter." Palm Beach County has declared that it will not meet its obligation to "complete the recount . . . and certify election results in accordance with the requirements" to conduct a machine as well as a manual recount.  By relying on the first unofficial canvass and ignoring the results of its own recount, it will not certify election results in accordance with the requirements of chapter 102.

Plaintiff, accordingly, respectfully requests that the Court enter an order compelling Palm Beach County to release the results of the machine recount by no later than 6:00 p.m. so as to allow the parties to evaluate those numbers and to report to the Court whether a continuing controversy exists.

Dated: November 16, 2018　　　　　　　Respectfully submitted,

/s/                                    .

RONALD G. MEYER
Florida Bar No. 0148248
Email: rmeyer@meyerbrookslaw.com
JENNIFER S. BLOHM
Florida Bar No. 0106290
Email: jblohm@meyerbrookslaw.com
Meyer, Brooks, Demma and Blohm, P.A.
131 North Gadsden Street
Post Office Box 1547
Tallahassee, FL 32302-1547
Telephone: (850) 878-5212
Facsimile: (850) 656-6750

Marc E. Elias
Uzoma Nkwonta
**PERKINS COIE LLP**
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of November, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I further certify that I mailed the foregoing documents and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  None

/s/<br>
RONALD G. MEYER